IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**SUNSTONE BEHAVIORAL HEALTH, LLC**                                                          **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO. 2:08cv5KS-MTP**

**COVINGTON COUNTY HOSPITAL; BOARD OF TRUSTEES
OF COVINGTON COUNTY HOSPITAL; AND BOARD OF
SUPERVISORS, COVINGTON COUNTY, MISSISSIPPI**                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#27]** filed on behalf of the defendants, Board of Trustees, Covington County Hospital and Board of Supervisors, Covington County, Mississippi. The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file, and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted. The court specifically finds as follows:

### FACTUAL BACKGROUND

On October 28, 2004, the defendant Covington County Hospital ("CCH") and Sunstone Behavioral Health, LLC ("Sunstone") entered into an agreement for Sunstone to operate and manage a behavioral health unit providing professional services to patients suffering from emotional problems and psychological disorders. An addendum

to the contract was later executed on or about September 27, 2005. The Amended Complaint asserts that the contract was entered between it and "Defendants." However the only signatories to the contract and addendum are Sunstone and the Administrator of CCH on behalf of CCH.

The plaintiff alleges that the Board of Trustees and the Board of Supervisors ("Board defendants") "as the parties responsible to operate and govern" CCH, and "as the owners" of CCH, "are jointly liable with CCH for all sums owed to the plaintiff. The plaintiff alleges that the defendants failed to pay either wholly or partially pursuant to the contract and that Sunstone notified the defendants that it was terminating the Agreement effective October 12, 2007, due to the defendants' alleged breach. The plaintiff further alleges that the defendants owe Sunstone $353,870.97 for earned and past due Contract Fees, late-payment interest and lost profits sustained of approximately $273,975.57.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T.*

*for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material." *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of

material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

Under Mississippi statutes a "community hospital" is one which is "established and acquired by boards of trustees or by one or more owners which is governed, operated and maintained by a board of trustees." *See* Miss. Code Ann. § 41-13-10(c). An owner is "any board of supervisors of any county having an ownership interest in any community hospital." *See* Miss. Code Ann. § 41-13-10(d). It is undisputed that the Hospital is a "community hospital," and a separate entity from the Board defendants.

The board of supervisors for any county having an ownership interest in a community hospital is authorized to appoint trustees "for the purpose of operating and governing community hospitals." *See* Miss. Code Ann. § 41-13-29(1). Among the broad powers granted to a community hospital's board of trustees is the express authority to "file suit on behalf of the community hospital to enforce any right or claims accruing to the hospital and to defend and/or settle claims against the community hospital and/or its board of trustees." *See* Miss. Code Ann. § 41-13-35(h).

The defendants assert that the proof shows the Board of Trustees and the Board of Supervisors are separate and distinct entities from CCH and that the contracting

parties, relative to the Agreement or contract at issue, were only CCH and Sunstone Behavioral Health, Inc., not either of the two Board defendants. The plaintiff has shown no guarantees were sought nor given in connection with the contract at issue by the Board of Trustees and/or the Board of Supervisors. Thus, the Board defendants argue that Sunstone can have no claim in contract against the Board of Trustees and/or the Board of Supervisors.

A review of the contract at issue, and the Addendum thereto, shows CCH is the contracting obligatory party, with any performance or payment obligations, not the Board of Trustees nor the Board of Supervisors. Indeed, CCH has admitted that it is the responsible contracting party and responsible for any claims of Sunstone. CCH does interpose defenses of nonperformance to the allegations of Sunstone.

Under Mississippi law "where parties to a transaction finally reduce its terms to an executed writing, all negotiations and previous understandings are merged into the writings and the terms of the writing will control." *Rosson v. McFarland*, 962 So.2d 1279, 1286 (Miss. 2007)(quoting *Oliver v. City Builders, Inc.* 303 So.2d 466, 469 (Miss. 1974). Indeed, in *Rosson*, the Mississippi Supreme Court reaffirmed as law that:

> The attempt to hold another party liable where the claim asserted is of contractual origins presents difficulties. The question which must be met and answered is why one who contracted with a selected party and received the promise he bargained for should be allowed to look to another merely because he is disappointed in the selected party's performance. The answer under contract law is he may not hold the other liable without additional compelling facts.

*Rosson*, 962 So. 2d at 1286 (quoting *Gray v Edgewater Landing, Inc.*, 541 So.2d 1044,1047 (Miss. 1989).

In this case, Sunstone contracted with CCH without any request of guarantee

from either of the Board defendants.  There is no evidence that CCH is trying to avoid its obligation under that contract, if found liable.  The simple fact that CCH is under the direction and control of the Board defendants does not equate to a responsibility on their part to assume the contractual obligations of CCH.  Especially not in the absence of some showing of "additional compelling facts."  *Id.*

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#27]** filed on behalf of the defendants, Board of Trustees, Covington County Hospital and Board of Supervisors, Covington County, Mississippi, is granted and the plaintiff's complaint is dismissed with prejudice as to these two defendants.  A separate judgment will be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 19th day of August, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE